UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDEX CUSTOMER INFO SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRIGHT CATALOG, INC.; and JOHN DOES (1-10), representing various individuals and entities whose names and addresses are presently unknown, <br><br> Defendants. | Civil Action No.: <br><br> **COMPLAINT** |

Plaintiff FedEx Customer Info Services, Inc. ("FedEx"), by way of Complaint against Defendants Fright Catalog, Inc., ("Fright") and John Does (1-10), representing various individuals and entities whose names are presently unknown, (collectively "Defendants"), alleges as follows:

## NATURE OF CASE

1. Fedex sues Defendants for unpaid freight charges provided by Fedex to Defendants pursuant to express and/or implied contracts between Fedex and Defendants (the "Contracts").

## PARTIES

2. Fedex is a corporation organized and existing under the laws of the State of Delaware and maintains a principal place of business in Memphis, Tennessee.

3. On information and belief, Fright is a corporation organized under the laws of the state of Massachusetts with its principal place of business in Worcester, Massachusetts.

4. On information and belief, John Does (1-10) are affiliated with Defendant Fright and have received and/or utilized Fedex's services and/or are responsible in whole or in part for payment of the amounts claimed by Fedex herein.

**JURISDICTION**

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as diversity of citizenship between the parties exists and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

**VENUE**

6. Venue is proper in the Eastern District of Massachusetts pursuant to 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this district.

**FIRST COUNT**
**(Breach of Contract)**

7. Fedex repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

8. At all times relevant to this action and pursuant to the Contracts, Defendants agreed to pay Fedex for freight services provided by Fedex. The Contracts make Defendants responsible for the payment of all invoices for freight services rendered to Defendants as well as all other associated charges.

9. Fedex provided Defendants with freight services, which were used by Defendants.

10. Fedex billed Defendants $126,827.14 (the "Amount") in accordance with the applicable rates and charges set forth in the Contracts for freight services provided from in or about October 29,2007 through about June 19 2008 relative to account numbers 220191656.

11. Defendants were obligated to pay Fedex for freight services rendered to Defendants, from Fedex, as well as other applicable charges.

12. Defendants have failed and refused to pay the Amount owed to Fedex. The amount remains due and owing from Defendants.

**WHEREFORE,** Fedex demands judgment against Defendants on the First Count of the Complaint:

    (1)    in the amount of $126,827.14 plus pre-judgment and post-judgment interest;

    (2)    awarding costs and disbursements incurred by FEDEX in prosecuting this action, including reasonable attorneys' fees; and

    (3)    for such other and further relief as the Court deems just and proper.

### SECOND COUNT
**(Book Account)**

13. FEDEX repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

14. There is due from Defendants the Amount on a certain book account for freight services rendered to Defendants, from FEDEX. Payment has been demanded and has not been made.

**WHEREFORE,** FEDEX demands judgment against Defendants on the Second Count of the Complaint:

    (1)    in the amount of $126,827.14 plus pre-judgment and post-judgment interest;

    (2)    awarding costs and disbursements incurred by FEDEX in prosecuting this action, including reasonable attorneys' fees; and

    (3)    for such other and further relief as the Court deems just and proper.

## THIRD COUNT
### (Promissory Estoppel)

15. FEDEX repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

16. FEDEX sues Defendants for freight services rendered to Defendants, on the promise by Defendants to pay the Amount. Payment has been demanded and has not been made.

**WHEREFORE,** FEDEX demands judgment against Defendants on the Third Count of the Complaint:

(1) in the amount of $126,827.14 plus pre-judgment and post-judgment interest;

(2) awarding costs and disbursements incurred by FEDEX in prosecuting this action, including reasonable attorneys' fees; and

(3) for such other and further relief as the Court deems just and proper.

## FOURTH COUNT
### (Quantum Merit and Unjust Enrichment)

17. FEDEX repeats and reiterates the allegations contained in the foregoing paragraphs as if set forth fully herein.

18. FEDEX rendered to Defendants freight services valued at $126,827.14.

19. FEDEX sues Defendants for the reasonable value of freight services rendered to Defendants, from FEDEX. Payment has been demanded and has not been made.

20. Defendants have thus been unjustly enriched in the amount of $126,827.14, and FEDEX is entitled to be compensated for the benefit it has conferred on Defendants.

**WHEREFORE,** FEDEX demands judgment against Defendants on the Fourth Count of the Complaint:

(1) in the amount of $126,827.14 plus pre-judgment and post-judgment interest;

-5-

  (2) awarding costs and disbursements incurred by FEDEX in prosecuting this action, including reasonable attorneys' fees; and

  (3) for such other and further relief as the Court deems just and proper.

Dated: September 17, 2008

              KIELY & FERRANTE


             /s/ Kevin J. Kiely, Esq. (Bar No.542043)
             4 Parker Street
             Rockport, MA 019966
             978.283.7700
             978.283.8880 Telecopier

             Attorneys for Plaintiff FEDEX Corp.