**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| FEDEX CUSTOMER INFORMATION | ) | |
| SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| vs. | ) | **CIVIL ACTION** |
|  | ) | **NO.  08-40180-TSH** |
| FRIGHT CATALOG, ET AL.[1] | ) | |
| Defendants. | ) | |
|  | ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**
**August 27, 2010**

**HILLMAN, M.J.**

**Nature of the Proceeding**

By consent of the parties, this case was referred to me for further proceedings, including

trial and order for entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R.

Civ. P. 73(b).  This Memorandum of Decision addresses the Motion for Summary Judgment

(Docket No. 21) filed by the Plaintiff, Fedex Customer Information Services, Inc.

---

[1] Plaintiff also filed suit against "John Does (1-10), representing various individuals and entities whose names and addresses are presently unknown" and who are responsible, in whole or in part, for amounts claimed by Plaintiff . *See* Complaint (Docket No. 1).  To date, the Plaintiff has not identified any parties other than the named Defendant, Fright Catalog, Inc.

**Nature of the Case**

Fedex Customer Information Services, Inc. ("FedEx") has filed a Complaint (Docket No. 1) against Fright Catalog, Inc. ("Fright") alleging claims for Breach of Contract (Count I); Book Account (Count II); Promissory Estoppel (Count III); and Quantum Meruit and Unjust Enrichment (Count IV).

**Non-Compliance With LR, D.Mass. 56.1**

As a preliminary matter, the Court is compelled to comment upon the parties' filings. Neither party has complied with this Court's LR, D.Mass. 56.1, which requires that both the moving party's statement of facts and the opponent's statement of disputed facts *include page references to affidavits, depositions and other documentation for each factual assertion/denial*. Specifically, FedEx has failed to cite record support for the many of its assertions and when it has bothered to do so, has made only general references to attached documents.  For example, FedEx on multiple occasions refers to "applicable terms and conditions" of the FedEx US Air Bill ("Air Bill"),  the FedEx Ground Tariff ("Tariff") and FedEx Service Guide ("Service Guide"), *see* Attachments 5, 6 and 7 to *Pl's Statement of Mat. Facts Not In Disp. In Sup. Of Mot. For Sum. J.* (Docket No. 21)("*Pl's Stat. Of Facts*"), without citing to specific section, page or paragraph numbers.   Defendant, on the other hand, has not cited any record support for its denials.

The purpose of provisions such as Rule 56.1 is to ensure that the parties focus the Court's attention on what is genuinely controverted and to prevent them from "unfairly shifting the burdens of litigation to the court", by, for example, leaving the "court to grope unaided for factual needles in a documentary haystack".  *Hernandez v. Philip Moris USA, Inc.* 486 F.3d 1, 7-

8 (1ˢᵗ Cir. 2007).  Where a party fails to comply with Rule 56.1, the Court has the discretion to

disregard such parties factual assertions/denials.

First, rather than strike the parties' non-compliant pleadings, to the extent that factual

assertions are not disputed, I have accepted them as true.  Second, at the hearing on this motion,

FedEx's counsel was able to provide the Court with the specific page number cites to support its

position.  The cited material to which the Court was directed at the hearing bears directly on the

viability of the parties' claims or defenses.  Therefore, for purposes of this proceeding, the Court

has considered the parties' submissions.  However, the parties and their respective counsel are on

notice that in any future proceedings in this Court, failure to abide by LR,D.Mass. 56.1 may

result in sanctions, including, but not limited to, the striking of inadequate pleadings.

### Facts

FedEx provides freight delivery services to customers nationwide.  Fright is in the

business of selling Halloween-type novelties and obtains much of its business by distributing its

catalog of products to both existing and potential customers.  Between October 2007 and June

2008, Fright utilized FedEx to deliver its products.

From approximately October 29, 2007 through June 19, 2008, FedEx billed Fright

$126,827.14[2] for freight services provided in accordance with the applicable rates and charges

set forth in the AirBill, Tariff and Service Guide.  Fright has refused to pay the amount owed to

FedEx.

Because of the nature of Fright's business, proper and timely delivery of its products is

crucial to its business.  During the relevant time period: FedEx failed to make thirty deliveries;

---

[2]It is clear from the parties' submissions that this amount reflects $101,449.61 for freight charges and
$25,362.40 for so-called "collection fees".

delivered an additional 210 products late; and delivered another one hundred products in a damaged condition. These misdeliveries required Fright to refund moneys to its affected customers.  In all, Fright lost $26,520.00 of revenue as a result of the missed and/or damaged deliveries.  Fright believes that it has lost significant future revenues due to customer dissatisfaction attributable to FedEx's mis-deliveries.  Consequently, Fright has refused to pay the amount which FedEx has invoiced.

FedEx acknowledges that during the relevant time period, there were packages which were not delivered to the proper location or were delivered in a damaged condition.  Fright filed claims with FedEx with regard to the misdelivered and damaged packages.  While FedEx did grant some credits to Fright, many of its claims were denied. *See Attachments* to *Pl's Stat. Of Facts*.

### Discussion

*Summary Judgment Standard*

Summary Judgment is appropriate where, "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1st Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Sensing v. Outback Steakhouse of Florida, LLC*, 575 F.3d 145, 152 (1st Cir. 2009) (quoting *Calero-Cerezo v. U.S. Dep't. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (internal citation omitted)).

The moving party bears the burden to demonstrate the absence of a genuine issue of material fact within the record. *Sensing*, 575 F.3d at 153. "Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come fo+rward with facts that show a genuine issue for trial." *Id.* (citing *Carroll*, 294 F.3d at 236). These facts must not be merely allegations or denials of the moving party's pleadings. *Id.* Both "[c]onclusory allegations [and] improbable inferences" are insufficient to overcome summary judgment. *Sensing*, 575 F.3d at 153 (citing *Carroll*, 294 F. 3d at 236-37 (internal quotations omitted). "The test is whether, as to each essential element, there is 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Sensing* 575 F.3d at 153 (citations omitted).

*Whether Summary Judgment is warranted*

FedEx asserts that it is entitled to summary judgment on all of its claims against Fright on the grounds that pursuant to the terms of the parties' agreement, *i.e.,* the Air Bill, Service Agreement and Tariff, Fright is obliged to pay in full for the freight services provided to it without offset for missed and/or damaged deliveries. Fright, on the other hand, does not dispute that it incurred charges in the amount of $101,449.61 for freight services provided by FedEx. However, Fright maintains that there are several issues of material fact in this case that foreclose the entry of summary judgment, including whether FedEx wrongfully denied many of Fright's claims regarding undelivered, misdelivered or damaged packages and/or, in an argument raised at the motion hearing, whether the parties' course of dealing altered the terms of their express agreement. Fright disputes whether FedEx has established record support for its assertion that it is entitled to $25,362.40 in collection fees.

Fright contends that FedEx has wrongfully refused to credit it for packages which were not delivered, delivered to the wrong location or delivered in a damaged condition.  By its own calculation, the amount Fright would be entitled to offset for such misdeliveries is $26,520.  *See Second Aff. Of Mark Arvanigian* (Docket No. 26)("*Arvanigian Aff.*"), at ¶3. Additionally, Fright estimates that because of FedEx's misdeliveries, it has lost 150 customers and revenue of approximately $58,500 over a five year period, *see Arvanigian Aff.*, at ¶¶4-5 and therefore, seeks to further reduce its liability to FedEx by that amount.[3]  However, the agreement between the parties, and in particular, the relevant provisions of the AirBill and the Service Guide, make clear that Fright was obligated to pay all invoiced amount without offset.  *See* AirBill, at *Terms and Conditions/Filing A Claim* and Service Guide, at p.133.  If Fright believed that FedEx wrongfully denied any of its claims, its sole remedy was to commence suit in the proper forum against FedEx for damages.

Furthermore, Fright's suggestion that by paying some of Fright's claims, FedEx amended the agreement between the parties is spurious.  Fright filed written claims for undelivered, misdelivered and damaged packages in accordance with the requirements of the AirBill and Service Agreement.  The provisions of those documents permitted, but did not require, FedEx to pay such claims before Fright paid outstanding freight charges.  *See Id.* Therefore, the fact that FedEx paid numerous claims submitted by Fright and rejected others did not alter the course of conduct between the parties.

---

[3]Even if the Court were to recognize that Fright has a right of offset, Fright has not cited any legal authority to support its assertion that it would be entitled to consequential damages, such as loss of customer goodwill. Furthermore, while it is not necessary for me to address the issue, I will note that the agreement between the parties, as reflected in the AirBill, Tariff and Service Guide, includes a limitation of liability provision which provides, among other things, that Fright would not be entitled to consequential damages.

I find that FedEx has established that Fright is liable to it for freight charges due and owing in the amount of $101,449.61.  At the same time, I agree with Fright that FedEx has failed to properly cite record support for its contention that it is owed $25,362.40 in so-called "collection fees".  While the agreement between the parties may so provide, as noted previously, it is not the responsibility of this Court to parse through the various agreements to find support for FedEx's assertion that it is entitled to such fees.  For this reason, I am allowing FedEx's motion for summary judgment as to the issue of liability, but finding there is a genuine issue of material fact as to the amount of damages. More specifically, I find that Fright is liable to FedEx in the amount of $101,449.61, but that there is a genuine issue of material fact as to whether FedEx is entitled to so-called "collection fees" in the amount of $25,362.40.

<strong><u>Conclusion</u></strong>

For the reasons set forth above, in its entirety, the Plaintiff's Motion for Summary Judgment (Docket No. 21) is **<u>allowed</u>** as to liability, but **<u>denied</u>** as to damages, as provided in this Memorandum of Decision.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE